IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHIRLEY SHEPHERD : MDL 875
:
v. :
: EDPA CIVIL NO.
PNEUMO-ABEX, LLC, et al. : 09-91428

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

August 30, 2010

Defendants Ford Motor Company ("Ford") and Honeywell International, Inc. ("Honeywell") in this asbestos action have requested certain information regarding Plaintiff's submissions to bankruptcy trusts. Plaintiff has objected to providing the information or providing authorizations to allow Defendants to obtain the information directly from the trusts. Both sides have provided letter briefs to address the issue.

Plaintiff objects to production of the information based on Federal Rule of Evidence 408, which prohibits the admissibility of information regarding settlements and negotiations "to prove liability for, invalidity of, or amount of a claim." Fed. R. Evid. 408. Specifically, Plaintiff relies on my opinion in another asbestos case in which I denied the defendant's request for information regarding the plaintiff's settlement of other asbestos claims. See Pl.'s Br. at 1 (citing Dent v. Westinghouse, No. 08-83111, 2010 WL 56054 (E.D. Pa. Jan. 4, 2010)). Plaintiff also challenges the applicability of Ohio's Apportionment of Liability statute, R.C. 2307.23.

Defendants argue that the bankruptcy trust information they seek "is more akin to a complaint rather than a settlement demand," Defs.' Br. at 3, and that Rule 408 is

inapplicable. Moreover, Defendants explain that they do not seek settlement amounts and have no objection to the redaction of such information. See Defs.' Br. at 5. They seek only the proofs of claims with supporting documentation containing work history, job duties, exposure(s) to product(s) of the trust, and medical history. Id.

Recently, Chief Magistrate Judge Thomas Rueter, one of my colleagues in the asbestos MDL, found that such information was discoverable with the redaction of "specific instances of offers of compromise, as opposed to factual assertions of economic loss." See Lyman v. Union Carbide Corp., MDL 875, No. 09-62999 (E.D. Pa. Sept. 18, 2009). I find the reasoning of Judge Rueter's Order and the cases upon which it relies sound and applicable to the matter before me.

In Volkswagen of America, Inc. v. Superior Court, 139 C. App. 4th 1481, 1494 n.10 (Cal. Ct. App. 2006), the California Court of Appeals, in finding that a discovery order issued by the lower court was overly restrictive, drew a distinction between a claim made to a bankruptcy trust and an offer to compromise. The court explained that "[a] proof of claim is a written statement executed by a creditor or the creditor's authorized agent stating . . . the amount the creditor claims is owed to it by the debtor." Id. at 1494 n.10 (citing 2 Norton Bankr. L. & Prac. 2d (1994) § 41:5). "If the statement was not intended as a concession but as an assertion of all that [the claimant] deemed himself entitled to it is not an offer of compromise." Id. Thus, "[a] statement by a claimant concerning the extent of his injuries or disease, or concerning the amount of damages he

or she claims to have suffered, if not connected with an offer of compromise may well constitute an admission." Id. (internal citation omitted).

Similarly, in Seariver Maritime, Inc. v. Superior Court, the California Appellate Court, relying on Volkswagon, overturned an overly restrictive discovery order, finding that "a claim form is more likely to be analogous to a complaint than to a settlement demand." No. A113235, 2006 WL 2105431, at *2 (Cal. App. 1 Dist. Jul. 28, 2006) (quoting Volkswagon, 139 Ca. App. 4th at 1494).

Based on Judge Rueter's Order and the cases cited therein, I agree that a claim made to a bankruptcy trust is more analogous to a complaint than an offer of settlement or compromise. Thus, I find that Rule 408 does not bar production of certain information contained in the claim. Defendants have no objection to the redaction of any settlement amounts from the information before production. See Defs.' Br. at 5. In addition, I will require any offers of compromise to be redacted from the claim documents.[1]

To the extent Plaintiff argues that the Ohio apportionment of fault statute is inapplicable, that issue is for the trial court to decide. At this stage, however, the evidence sought by Defendants contained in the claims submitted to the bankruptcy trusts is discoverable. See Fed. R.Civ. P. 26(b)(1) (discovery permitted of any non-privileged matter relevant to any claim or defense). Such evidence is relevant to Plaintiff's claim

---

[1] On the claim form attached to Defendants' letter brief, I expect that the settlement information sought on page 8 will be redacted before production.

that exposure to Defendants' asbestos was a substantial factor in causing the decedent's illness, and the related defense.

An appropriate Order follow.